1   Jonathan Gross, State Bar No. 122010
2   jgross@moundcotton.com
    Lawrence Hecimovich, State Bar No. 129688
3   lhecimovich@moundcotton.com
4   MOUND COTTON WOLLAN & GREENGRASS LLP
    2200 Powell Street, Suite 1050
5   Emeryville, California 94608
    Telephone: (510) 900-9371
6   Facsimile:  (510) 900-9381

7
8   Attorneys for VANTAPRO SPECIALTY
    INSURANCE COMPANY

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13   GYM MANAGEMENT SERVICES,        Case No.  2:20-cv-09541-GHW
     INC., et al.,
14                                   **DEFENDANT'S NOTICE OF MOTION
15        Plaintiffs,                AND MOTION FOR JUDGMENT ON
                                     THE PLEADINGS ON PLAINTIFFS'
16   v.                              FIRST AMENDED COMPLAINT**

17
     VANTAPRO SPECIALTY             **FRCP 12(c)**
18   INSURANCE COMPANY
19                                   Date:   February 1, 2021
          Defendant.                Time:  8:30 a.m.
20                                   Judge: Hon. George H. Wu

21
22                                   **Attached Documents**:
                                     Request for Judicial Notice
23                                   Declaration of Lawrence Hecimovich and
                                     Attached Exhibits
24                                   Proposed Order

25
26
27
28

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

**NOTICE OF MOTION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 1, 2021 at 8:30 a.m. or as soon thereafter as this matter may be heard, in the United States District Court for the Central District of California, before the Hon. George H. Wu, United States Courthouse, Los Angeles, California, Defendant Vantapro Specialty Insurance Company ("Vantapro" or "Defendant") will and hereby does move for judgment with prejudice on this action pursuant to Federal Rule of Civil Procedure 12(c).

This motion is directed to Plaintiffs' First Amended Complaint ("Plaintiffs' Complaint"), filed on October 15, 2020 in the California Superior Court for Los Angeles County prior to removal of this action to this Court.

As a matter of law, Plaintiffs' Complaint fails to allege a claim upon which relief may be granted. In their Complaint, Plaintiffs seek coverage under the Business Income and Civil Authority provisions of a property insurance policy issued by Defendant Vantapro. The bases for this motion for judgment with prejudice are set forth herein and are more fully stated in the memorandum of points and authorities filed herewith.

Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing fail to state a claim on which relief may be granted because:

- Plaintiffs cannot establish entitlement to Business Income coverage as a matter of law because Plaintiffs have not alleged and cannot allege facts that could show that Plaintiffs suffered a "direct physical loss of or damage to" insured property, an express requirement under the Business Income provision; and

- Plaintiffs cannot establish entitlement to Civil Authority coverage as a matter of law because Plaintiffs have not alleged and cannot allege facts that could show that the governmental orders were issued in response to "direct physical loss of or damage to" property within one mile of

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

Plaintiffs' facilities. The governmental orders were issued "as a result of the threat of COVID-19," not as a result of "direct physical loss or damage" causing "damage to property." (Compl. ¶¶ 8, 61-82, and Exhibit 3 (government orders).)

- There is no coverage for Plaintiffs' insurance claim to the extent that Plaintiffs' claim is for loss of use or loss of market due to the Policy's exclusion for any loss or damage caused by or resulting from delay, loss of use or loss of market.

- Without a plausible claim for coverage under the Policy, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails to state a claim upon which relief may be granted, since that claim requires a showing that Vantapro unreasonably denied coverage when coverage existed.

This motion is based upon this notice, the following memorandum in support, the declaration of Lawrence Hecimovich, Defendant's Request for Judicial Notice and the federal and state court orders attached to it, the Complaint and other papers on file, and such other evidence and argument as may be presented.

This motion follows the November 17, 2020 conference of counsel pursuant to L.R. 7-3. (Declaration of Lawrence Hecimovich, ¶ 1.)

Dated: December 21, 2020        MOUND COTTON WOLLAN & GREENGRASS LLP


                                By:  /s/Lawrence Hecimovich
                                     Jonathan Gross
                                     Lawrence Hecimovich
                                     Attorneys for Defendant
                                     VANTAPRO SPECIALTY
                                     INSURANCE COMPANY

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET   SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................... 1

II.  COMPLAINT ALLEGATIONS ............................................................... 2

     A.   THE COVID-19 PANDEMIC, CALIFORNIA STAY-AT-
          HOME ORDERS, AND PLAINTIFFS' BUSINESS LOSSES ........... 2

     B.   THE VANTAPRO PROPERTY POLICY ........................................... 2

     C.   VANTAPRO'S DENIAL OF PLAINTIFFS' CLAIM FOR
          BUSINESS INTERRUPTION LOSSES ............................................. 5

III. LEGAL STANDARD ON MOTION FOR JUDGMENT ON THE
     PLEADINGS PURSUANT TO FRCP 12(C) ............................................ 6

IV.  LEGAL STANDARD FOR INTERPRETING INSURANCE
     CONTRACTS. .......................................................................................... 6

V.   PLAINTIFFS CANNOT ESTABLISH ENTITLEMENT TO
     INSURANCE BENEFITS UNDER THE POLICY'S BUSINESS
     INTERRUPTION OR CIVIL AUTHORITY PROVISIONS BECAUSE
     PLAINTIFFS DO NOT ALLEGE AND CANNOT SHOW THE
     REQUISITE DIRECT PHYSICAL LOSS OR DAMAGE ......................... 8

VI.  PLAINTIFFS' CLAIM FOR BREACH OF THE INSURANCE
     POLICY IS BARRED BY THE POLICY'S EXCLUSION FOR LOSS
     OF USE OR MARKET ............................................................................ 18

VII. PLAINTIFFS' CLAIM FOR BREACH OF THE COVENANT OF
     GOOD FAITH AND FAIR DEALING MUST BE DISMISSED
     BECAUSE PLAINTIFFS CANNOT ESTABLISH ENTITLEMENT
     TO INSURANCE BENEFITS UNDER THE POLICY ............................... 20

VIII. CONCLUSION ....................................................................................... 20

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*
    1:20-cv-04471-LGS, Slip Op. at 5 (S.D.N.Y. Dec. 15, 2020) .................................................. 15

*10E, LLC v. Travelers Indemnity Co. of Connecticut*
    2020 WL 5359653 (C.D. Cal. 2020)............................................................................... 11, 18

*1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*
    135 Cal. App. 4th 1008 (2006) ................................................................................................ 20

*Accord, Harvest Moon Distributors, LLC v. S-Owners Insurance Company*
    No. 6 20-cv-01026 –Orl-40DCI (M.D. Fla. October 9, 2020) ................................................ 19

*AIU Ins. Co. v. Superior Court*
    51 Cal. 3d 807 (1990) ................................................................................................... 8, 17

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .................................................................................................................. 6

*Bank of the West v. Superior Court*
    2 Cal. 4th 1254 (1992) .............................................................................................................. 7

*Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*
    5 Cal. 4th 854 (1993) ............................................................................................................... 7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................................................................. 6

*Bros. Inc. v. Liberty Mutual Fire Ins. Co.*
    268 A.2d 611 (D.C. 1970) ...................................................................................................... 17

*Chateau Chamberay Homeowners Ass'n v. Associated Intl Ins. Co.*
    90 Cal.App.4th 335 (2001) ...................................................................................................... 20

*Diesel Barbershop LLC, v. State Farm Lloyds*
    No. 5-20-CV-461 (W.D. Tex. 2020) ...................................................................................... 15

*Doyle v. Fireman's Fund Ins. Co.*
    21 Cal. App. 5th 33 (2018) ....................................................................................................... 9

*Dworkin v. Hustler Magazine Inc.*
    867 F.2d 1188 (9th Cir.1989) .................................................................................................... 6

*Gavriledes Management Co. LLC v. Michigan Insurance Com.*
    Case No. 20-258-CB-C30 (Mich. Cir. Ct., 2020) ................................................................. 15

*Henry's Louisiana Grill v. Allied Ins. Co.*
    N.D. Ga. Case No. 1-20-CV-2939-TWT (2020)..................................................................... 15

*Kelaher Connell & Conner, v. Auto-Owners Ins. Co.*
    No. 4:19-cv-00693-SAL, 2020 WL 886120, at *8 (D.S.C. 2020) .................................... 17, 18

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

*Long Affair Carpet and Rug, Inc. v. Liberty Mutual Ins. Co. et al*
   Central District of California Case No. 8:20-cv-01713-CJC-DJE (2020) ............................. 13

*MacKinnon v. Truck Ins. Exch*.
   31 Cal.4th 635 (2003) .......................................................................................................... 8

*Mama Jo's Inc. v. Sparta Ins*. Co.
   No. 18-12887, 2020 WL 4782369 at *8 (11th Cir. Aug. 18, 2020)...................................... 10

*Mark's Engine Company v. Travelers Indemnity Company*
   Central District of California Case No. 2:20-cv-04423-AB-SK (2020) ............................. 12

*Michael Cetta, Inc., dba Sparks Steak House v. Admiral Indemnity Company*
   S.D. N.Y. Case No. 1: :20-cv-04612-JPC at 16 (2020) ...................................................... 14

*Morris v. Paul Revere Life Ins. Co*.
   109 Cal. App. 4th 966, 973 (2003)....................................................................................... 20

*Moss v. U.S. Secret Serv*.
   572 F.3d 962 (9th Cir. 2009) .................................................................................................. 6

*MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co*.
   187 Cal. App. 4th 766 (2010) ................................................................................................ 9

*Mudpie Inc. v. Travelers Casualty Insurance Company*
   Northern District of California Case No. 4:20-cv-03213-JST (2020) ...................... 13, 18, 19

*Musso & Frank Grill Co., Inc. v. Mitsui Sumitomo Insurance USA, Inc.*
   Los Angeles Superior Court Case No. 20STCV16681 (2020) ............................................ 14

*Newman Meyers Kreines Gross Harris, P.C. v. Great N. Ins. Co*.
   17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014)............................................................................ 16

*Palmer v. Truck Ins. Exch*.
   21 Cal. 4th 1109 (1999)........................................................................................................... 7

*Pappy's Barber Shops v. Farmers Group*
   Southern District of California Case No. 3:20-cv-00907-CAB-BLM (2020) ...................... 13

*Philadelphia Parking Auth. v. Federal Ins. Co*.
   385 F. Supp. 2d 280 (S.D.N.Y. 2005) ............................................................................ 17, 18

*Plan Check Downtown v. Amguard Insurance Company*
   Central District of California Case No. 2:20-cv-06954 (2020)............................................. 11

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners*
   768 F.3d 938 (9th Cir. 2014).................................................................................................... 6

*Richard Kirsch, DDS v. Aspen Am. Ins. Co*.
   No. 20-cv-11930, 2020 WL 7338570 (E.D. Mich. Dec. 14, 2020)...................................... 15

*Rose's 1, LLC v. Erie Ins. Exch*.
   2020 WL 4589206, at *3 (D.C. Super. Ct 2020) ................................................................. 15

*Roundabout Theatre Co. v Continental Cas. Co*.
   302 A.D.2d 1 (N.Y. App. Div. 1 Dept. 2002 ...................................................................... 17

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON
PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE NO.  2:20-CV-09541-GHW

*S. Tex. Med. Clinics v. CNA Fin. Corp.*
  No. H-06-4041, 2008 WL 450012, at *10 (S.D. Tex. 2008) ............................................ 17, 18

*Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.*
  No. 2:20-cv-03342-JDW, Slip Op. at 7 (E.D. Pa. Nov. 30, 2020) ................................... 11, 14

*Sony Comput. Entm't Am. Inc. v. Am. Home Assurance Co.*
  532 F.3d 1007 (9th Cir. 2008) .......................................................................................... 7

*Stanford Ranch, Inc. v. Maryland Cas. Co.*
  89 F.3d 618 (9th Cir. 1996) .............................................................................................. 8

*Toppers Salon & Health Spa v. Travelers Property Casualty Company*
  E.D. Pa. Case No. 2:20-cv-03342-JDW (2020) .............................................................. 14

*United Airlines, Inc. v. Insurance Co. of State of Pa.*
  385 F. Supp. 2d 343 (S.D.N.Y. 2005), *aff'd* 439 F.3d 128 (2d Cir. 2006) ........................ 16

*Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*
  929 F.3d 1143 (9th Cir. 2019) .......................................................................................... 8

*Universal Image Prods. Ins. v. Federal Insurance Company*
  475 Fed. Appx. 569 (6th Cir. 2012) ................................................................................. 10

*Waller v. Truck Ins. Exch., Inc.*
  11 Cal. 4th 1 (1995) ...................................................................................................... 7, 8

*Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*
  114 Cal. App. 4th 548 (2003) ........................................................................................... 9

*Water Sports Kauai, Inc. v. Fireman's Fund Insurance Company*
  2020 WL 6562332, at *3 (N.D. Cal. 2020), No. 20-CV-03750-WHO) .............................. 13

*West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Insurance
  Companies*
  2020 WL 6440037 at *3 (C.D. Cal. 2020) ........................................................................ 12

**Statutes**

*Cal. Civ. Code* § 1641 ........................................................................................................ 7

*Cal. Civ. Code* § 1649 ........................................................................................................ 7

**Other Authorities**

10A Couch on Ins. §§ 148:46 (3d Ed. 2020) ........................................................................ 17

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

## I.    INTRODUCTION

The COVID-19 pandemic has had an unprecedented and unforeseen impact on California businesses. But these circumstances do not create insurance coverage for losses which, as here, fall outside the terms of a business's property insurance policy.

Plaintiffs allege that the social-distancing orders put in place in California barred the public's use of Plaintiffs' workout facilities, which resulted in a loss of income. Plaintiffs seek coverage under a property insurance policy issued by Vantapro.

Plaintiffs' Complaint fails to allege a claim on which relief may be granted because it does not plead a loss caused by "direct physical loss of or damage to" property, as required under the Policy's Insuring Agreement.[1] This is a threshold requirement for Business Income and Civil Authority coverage under the Policy. The Policy is unambiguous and the law is clear that government orders do not constitute "direct physical loss of or damage to" property. As discussed below, federal and state courts including the California district courts have consistently reached this conclusion as applied to the COVID-19 virus, repeatedly dismissing essentially identical lawsuits as a matter of law based on the policy definition of "covered cause of loss" requiring "direct physical loss or damage."

Second, Vantapro's denial of Plaintiffs' claim does not constitute a breach of the Policy's duty of good faith and fair dealing. Under California law, there can be no breach of the covenant where the insured fails to prove that the insurer denied it benefits under the insurance policy and that the denial was unreasonable. The plain language of the Policy establishes that Plaintiffs' alleged loss is not covered. Thus,

---

[1] For purposes of this motion only, Defendant accepts the Policy attached to Plaintiffs' Complaint to be a true and correct copy of the Policy at issue in this matter. Although the parties dispute whether the complete Policy contains an exclusion for losses caused by virus (see Complaint, ¶ 56), Defendant does not rely on that exclusion in this motion, so that such dispute is not now before the Court.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

Vantapro's evaluation and denial of Plaintiffs' insurance claim was not in bad faith, and Plaintiffs' claim for breach of covenant should be dismissed.

For each of these reasons, the Court should dismiss Plaintiffs' Complaint without leave to amend.

## II.   COMPLAINT ALLEGATIONS

### A.   THE COVID-19 PANDEMIC, CALIFORNIA STAY-AT-HOME ORDERS, AND PLAINTIFFS' BUSINESS LOSSES

Starting in December 2019, an outbreak of the illness that came to be known as COVID-19 was first identified in Wuhan, China. (Complaint, ¶ 61.) The virus spread through China, then through Asia and eventually Europe. (Complaint, ¶¶ 62-66.)

In February 2020, the virus reached the United States. On February 26, 2020, the CDC identified the first case of community-spread COVID in California. (Complaint, ¶ 67.)

On March 4, 2020, the state of California declared a State of Emergency suspending or limiting business operations of non-essential businesses "as a result of the threat of COVID-19." (Complaint, ¶ 70.) Beginning on or about March 15, 2020, various local governments and state agencies issued orders requiring that gyms be closed to the public. (Complaint, ¶¶ 73-78.) On March 19, 2020, the State of California issued a stay-at-home ordinance that banned persons throughout California from using gym facilities. (Complaint, ¶ 79.) Based on these orders, Plaintiffs closed their facilities to the public. (Complaint, ¶¶ 79-82.)

### B.   THE VANTAPRO PROPERTY POLICY

The Vantapro property insurance policy ("the Policy") term is October 17, 2019 to October 17, 2020. (Complaint, ¶ 40.)

The Policy defines Covered Causes of Loss as follows:

> Covered Causes of Loss means Direct Physical Loss unless
> the loss is excluded or limited in this policy. (Complaint,
> Ex. 2 at Ex02-028.)

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

2

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

The Policy's Insuring Agreement provides:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss. (Complaint, Ex. 2 at EX02-038.)

The Policy's Business Income Loss provision states:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. (Complaint, Ex. 2 at Ex02-054.)

The Policy's Additional Coverages, Civil Authority provision states:

> **Civil Authority**
>
> In this Additional Coverage, Civil Authority, the described premises are premises to which this Coverage Form applies, as shown in the Declarations.
>
> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (1)   Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the  described premises are within that area but are not more than one mile from the damaged property; and
>
> (2)   The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to

enable a civil authority to have unimpeded access to the damaged property.

Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

(1)     Four consecutive weeks after the date of that action; or

(2)     When your Civil Authority Coverage for Business Income ends;

whichever is later. (Complaint, Ex. 2 at Ex0002-055.)

The Policy defines Period of Restoration as follows:

3. "Period of Restoration" means the period of time that:

a. Begins:

(1)     72 hours after the time of direct physical loss or damage for Business Income Coverage; or

(2)     Immediately after the time of direct physical loss or damage for Extra Expense Coverage;

caused by or resulting from any Covered Cause of Loss at the described premises; and

b. Ends on the earlier of:

(1)     The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

(2)     The date when business is resumed at a new permanent location.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE NO.  2:20-CV-09541-GHW

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

"Period of restoration" does not include any increased period required due to the enforcement of or compliance with any ordinance or law that:

(1)   Regulates the construction, use or repair, or requires the tearing down, of any property; or

(2)   Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

The expiration date of this policy will not cut short the "period of restoration". (Complaint, Ex. 2 at Ex02-062.)

The Policy contains the following exclusion relating to loss of use or market:

We will not pay for any loss or damage caused by or resulting from any of the following:

…

b. Delay, loss of use or loss of market.

## C.   VANTAPRO'S DENIAL OF PLAINTIFFS' CLAIM FOR BUSINESS INTERRUPTION LOSSES

On or about March 18, 2020, Plaintiffs submitted a claim for business interruption benefits under the Policy. (Complaint, ¶ 83.) On May 7, 2020, Vantapro informed Plaintiffs that Vantapro would investigate Plaintiffs' claim while reserving its rights under the Policy. (Complaint, ¶ 84.) Vantapro sought and obtained additional information from Plaintiffs in support of Plaintiffs' claim. (Complaint, ¶ 84.) On June 19, 2020, Vantapro issued a denial letter, informing Plaintiffs that their claim for loss of business income was not covered under the Policy because "there was no direct physical loss or damage to covered property." (Complaint, ¶ 85.) The denial letter also cited the Policy provision excluding "loss due to virus or bacteria," an exclusion contained in the price quote Plaintiffs agreed to. (Complaint, ¶ 86.)

**ARGUMENT**

## III.   LEGAL STANDARD ON MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C)

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir.1989).

A motion to dismiss or for judgment on the pleadings challenges the legal sufficiency of the claims stated in the complaint. To survive the motion, plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*.; see also *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss or for judgment on the pleadings, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, *supra,* 556 U.S. at 679.

## IV.   LEGAL STANDARD FOR INTERPRETING INSURANCE CONTRACTS.

Under California law, the interpretation of an insurance contract is a question

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON
PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE NO.  2:20-CV-09541-GHW

of law for the courts. *Waller v. Truck Ins. Exch., Inc*., 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). "If contractual language is clear and explicit, it governs." *Id*.

In addition, "[t]he terms in an insurance policy must be read in context and in reference to the policy as a whole, with each clause helping to interpret the other." *Sony Comput. Entm't Am. Inc. v. Am. Home Assurance Co.,* 532 F.3d 1007, 1012 (9th Cir. 2008) (citing *Cal. Civ. Code* § 1641); *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co*., 5 Cal. 4th 854, 867 (1993); *Palmer v. Truck Ins. Exch.,* 21 Cal. 4th 1109, 1115 (1999)).

"[I]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." *Bank of the We*st, 2 Cal. 4th at 1264-65 (quoting *Cal. Civ. Code* § 1649). "Only if this rule does not resolve the ambiguity do [courts] then resolve it against the insurer." *Id*. at 1265. California courts have cautioned that language in a contract "cannot be found to be ambiguous in the abstract," and courts should "not strain to create an ambiguity where none exists." *Waller*, *supra,* 11 Cal. 4th at 18-19.

When interpreting an insurance policy provision, courts "must give its terms their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, *supra*, 21 Cal. 4th 1109, 1115. Courts must also "interpret these terms in context, and give effect to every part of the policy with each clause helping to interpret the other." *Id.*

Before even considering exclusions, "a court must examine the coverage provisions to determine whether a claim falls within the policy terms." *Waller*, 11 Cal. 4th at 16 (internal brackets and quotation marks omitted). The insured bears the burden of proof to establish that its claim comes within the policy's Insuring

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

7

Agreement. *AIU Ins. Co. v. Superior Court,* 51 Cal. 3d 807, 822 (1990). If the insured proves that the claim falls within the Insuring Agreement, the burden then shifts to the insurer to prove that an exclusion applies. *Waller, supra*, 11 Cal. 4th at 16; see also *Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019) ("The burden is on the insured to establish that the claim is within the basic scope of coverage and on the insurer to establish that the claim is specifically excluded") (quoting *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 648 (2003)).

## V.   PLAINTIFFS CANNOT ESTABLISH ENTITLEMENT TO INSURANCE BENEFITS UNDER THE POLICY'S BUSINESS INTERRUPTION OR CIVIL AUTHORITY PROVISIONS BECAUSE PLAINTIFFS DO NOT ALLEGE AND CANNOT SHOW THE REQUISITE DIRECT PHYSICAL LOSS OR DAMAGE

Plaintiffs' Complaint alleges that the State of California's orders issued due to the COVID-19 pandemic "constitute a proximate cause of Plaintiffs' losses." (Complaint, ¶ 82.) The theory of the Complaint is that the social-distancing orders barred Plaintiffs from the commercial use of their facilities, which resulted in a loss of income. Plaintiffs' Complaint does not allege a loss caused by "direct physical loss of or damage to" Plaintiffs' premises (Business Interruption Coverage) or of "direct physical loss or damage" causing damage to another property located within one mile of Plaintiffs' locations (Civil Authority coverage). This is a threshold requirement for coverage under the Policy.[2] The Policy is unambiguous and the law

---

[2] Notably, the requirement that a covered claim result from "direct physical loss or damage" is not buried deep in the Policy, but instead appears in the Policy's Insuring Agreement. The Insuring Agreement is the very cornerstone of any insurance policy. *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 627 (9th Cir. 1996) ("In interpreting an insurance contract, this court must first look to the insuring agreement and determine whether coverage exists.") In property insurance policies, the Insuring Agreement sets forth the fundamental requirement that a claimed loss results from "direct physical loss or damage to property" – it is hard to imagine a more fundamental requirement for property coverage.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

is clear that government orders do not constitute "direct physical loss" of Plaintiffs' property.[3]

Under California law, losses from an inability to use property do not amount to "direct physical loss of or damage to" property within the ordinary and popular meaning of that phrase. Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration." *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010). "Detrimental economic impact" does not suffice. *Id.*; see also *Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (2018) (in property insurance, "diminution in value is not a covered peril, it is a measure of loss").

An insured cannot recover by attempting to artfully plead impairment to economically valuable use of property as a physical loss of property. For example, in *MRI Healthcare, supra*, the court held that lost use of an MRI machine after it was powered off did not qualify as a "direct physical loss" absent actual physical loss or damage to the machine. 187 Cal. App. 4th at 789. Likewise, in *Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548 (2003), the court held that a loss of valuable electronic data did not qualify as "direct physical loss or damage" without any physical alteration to the storage media. 114 Cal. App. 4th at 555-56. Finally, in *Doyle, supra*, 21 Cal. App. 5th 33 (2018), the court held that purchasing counterfeit wine did not count as a loss to the wine covered by a property insurance policy without a physical alteration to the insured property. 21 Cal.App.5th at 38-39.

Tellingly, Plaintiffs do not allege any needed repair or replacement of any insured property. The need for cleaning is not loss or damage and does not trigger coverage. See *Mama Jo's Inc. v. Sparta Ins*. Co., No. 18-12887, 2020 WL 4782369

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

---

[3] Plaintiffs' Complaint appears to claim Extra Expense coverage under these two provisions. Because Plaintiffs do not qualify for benefits under either provision, Plaintiffs have no claim for Extra Expense.

9

at *8 (11th Cir. Aug. 18, 2020) ("an item or structure that merely needs to be cleaned has not suffered a "loss" which is both "direct" and "physical")(attached as Ex. A); *Universal Image Prods. Ins. v. Federal Insurance Company*, 475 Fed. Appx. 569, 574 n. 8 (6th Cir. 2012) (the need for basic cleaning with "hot water" and "Lysol type" products does not constitute physical loss or damage) (Ex. B); *Mastellone v Lightning Rod. Mutual Ins. Co*., 884 N.E. 2d 1130, 1144 (Ohio Ct. App. 2008) (same) (Ex. C.).

This lack of any needed repair or replacement of insured property is especially meaningful with respect to any claim for Business Interruption losses. That is because the business interruption coverage applies only for the Period of Restoration, which is defined as "the period of time that [b]egins: 72 hours after the time of direct physical loss or damage for Business Income Coverage ... caused by or resulting from any Covered Cause of Loss at the described premises; and [ends on] the date when the property at the described premises *should be repaired, rebuilt or replaced with reasonable speed and similar quality* …." (Complaint, Ex. 2 at Ex02-062, emphasis added). Here, there could be no Period of Restoration, and hence no

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

Business Interruption benefits due, because there is no insured property that needed to be repaired or replaced because of physical loss or damage.[4]

The California district courts have consistently dismissed COVID-19 suits without leave to amend based on the policy definition of covered cause of loss being "direct physical loss or damage." See:

- *Plan Check Downtown v. Amguard Insurance Company*, Central District of California Case No. 2:20-cv-06954 (2020) (any interpretation of "direct physical loss or damage" that would encompass COVID "is not a reasonable one because it would be a sweeping expansion of insurance coverage without any reasonable bounds") (Ex. D);

- *10E, LLC v. Travelers Indemnity Co. of Connecticut*, 2020 WL 5359653 (C.D. Cal. 2020) ("Under California law, losses from inability to use property do not amount to "direct physical loss of or damage to property" within the ordinary and popular meaning of that phrase.

---

[4] The Policy's definition of the Period of Restoration necessarily requires property damage that is tangible and capable of being "repaired, rebuilt or replaced." Those terms contemplate physical damage to the insured premises as opposed to loss of use of it. Courts around the country have consistently held that Period of Restoration provisions like the one here support the requirement of material harm requiring a physical fix. *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 2:20-cv-03342-JDW, Slip Op. at 7 (E.D. Pa. Nov. 30, 2020) (Ex. N) ("The Policy only pays Business Income coverage during a period of restoration. . . . These provisions make clear that there must be some sort of physical damage to the property that can be the subject of a repair, rebuilding, or replacement. The Covid-19 pandemic does not fall within that definition."); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 20-cv-03213-JST, Slip Op. at 6-7 (N.D. Cal. Sept. 14, 2020) (Ex. J) ("The words '[r]ebuild,' 'repair' and 'replace' all strongly suggest that the damage contemplated by the Policy is physical in nature. [citation] But here, there is nothing to fix, replace, or even disinfect for [the insured] to regain occupancy of its property."); *4431, Inc. v. Cincinnati Ins. Cos.*, No. 5:20-cv-04396, Slip Op. at 23 & n.17 (E.D. Pa. Dec. 3, 2020) (Ex. U) ("there can be no 'Period of Restoration' for pandemic-related losses as that term is used in the Policies, because the Coronavirus does not constitute direct physical loss to property requiring any physical repair, rebuilding or replacement.")

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration." "Detrimental economic impact" does not suffice. An insured cannot recover by attempting to artfully plead temporary impairment to economically valuable use of property as physical loss or damage." (citations omitted).) (Ex. E.)

- *West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Insurance Companies*, 2020 WL 6440037 at *3 (C.D. Cal. 2020) ("Plaintiffs' Complaint establishes that they suffered a temporary loss of economically valuable use of their hotels due to a decrease in patronage or the Executive Orders. Plaintiffs do not claim that any property has undergone a physical alteration or needs to be "repaired, rebuilt, or replaced." The Complaint does not allege that Plaintiffs are not in possession of their hotels and the property contained within them. Instead, Plaintiffs contend that the loss of use of their properties is sufficient to trigger coverage under the Policy. Under California law, however, a "detrimental economic impact" alone—as Plaintiffs have alleged—is not compensable under a property insurance contract. … Hence, Plaintiffs cannot state a legally cognizable claim based on the temporary loss of use of property alleged here." (citations omitted)) (Ex. F);

- *Mark's Engine Company v. Travelers Indemnity Company*, Central District of California Case No. 2:20-cv-04423-AB-SK (2020) ("Plaintiff suffered no complete "direct physical loss of" its property as it always had complete access to the premises even after the Order was issued. The only individuals who could potentially claim "direct physical loss of" access to the premises would be patrons who were no longer allowed to dine in. And even then, the policy is between Plaintiff and Defendant, not restaurant goers and Defendant.") (Ex. G);

12

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET   SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

- *Long Affair Carpet and Rug, Inc. v. Liberty Mutual Ins. Co. et al,* Central District of California Case No. 8:20-cv-01713-CJC-DJE (2020) ("Plaintiff argues that the Court should apply "a more liberal interpretation" and find "'direct physical loss or damage' where there is a direct loss of use, utility, access, or function of the covered property, even though there is no structural damage." However, the cases Plaintiff cites in support of this argument involve a structure being rendered "uninhabitable" or "useless." … Similarly, courts in this district have found that "the phrase 'loss of' includes the permanent dispossession of something." The facts alleged in Plaintiff's FAC do not fall within this more expansive interpretation of "direct physical loss or damage to" property. Plaintiff has been dispossessed of its storefronts, but it is not a "permanent dispossession." "When the [COVID-19] orders are lifted, [Plaintiff] can regain possession of its storefront[s]." (citations and quotations omitted).) (Ex. H.)

- *Pappy's Barber Shops v. Farmers Group*, Southern District of California Case No. 3:20-cv-00907-CAB-BLM (2020) (government COVID-19 orders were not issued due to physical loss of or damage to property and do not constitute direct physical loss to property) (Ex. I;

- *Mudpie Inc. v. Travelers Casualty Insurance Company*, Northern District of California Case No. 4:20-cv-03213-JST (2020) ("Mudpie's inability to occupy its storefront does not fall within the Business Income and Extra Expense coverage of the policy")(Ex. J).

- *Water Sports Kauai, Inc. v. Fireman's Fund Insurance Company,* 2020 WL 6562332, at *3 (N.D. Cal. 2020), No. 20-CV-03750-WHO) ("the mere threat of coronavirus cannot cause a "direct physical loss of or damage to" covered property as required under the Policy")(Ex. K).

See also:

13

- *Musso & Frank Grill Co., Inc. v. Mitsui Sumitomo Insurance USA, Inc.*, Los Angeles Superior Court Case No. 20STCV16681 (2020) ("Plaintiff fails to allege facts suggesting Defendant's denial amounted to a breach of the terms of the Policy, which only covered physical loss or damage, given Plaintiff has alleged no facts suggesting Plaintiff's operations were suspended due to a physical alteration of insured property. Rather, Plaintiff alleges the Public Health Orders caused Plaintiff to shut down.") (Ex. L.)

- *Michael Cetta, Inc., dba Sparks Steak House v. Admiral Indemnity Company*, S.D. N.Y. Case No. 1: :20-cv-04612-JPC at 16 (2020) ("[N]early every court to address this issue has concluded that loss of use of a premises due to a governmental closure order does not trigger business income coverage premised on physical loss to property.") (Ex. M.)

- *Toppers Salon & Health Spa v. Travelers Property Casualty Company*, E.D. Pa. Case No. 2:20-cv-03342-JDW (2020) ("The Policy only pays Business Income coverage during a period of restoration. The Policy measures that period from the start of the physical loss until the 'date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality' or when 'business is resumed at a new permanent location.' In addition, the Policy includes special exclusions for the Business Income coverage that apply to an 'increase of loss caused by or resulting from [a delay] in resulting, repairing, or replacing the property due to interference at the location by strikers or other persons.' These provisions make clear that there must be some sort of physical damage to the property that can be the subject of a repair, rebuilding, or replacement. The Covid-19 pandemic does not fall within that definition.") (Ex. N.)

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON
PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE NO. 2:20-CV-09541-GHW

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET   SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

- *Henry's Louisiana Grill v. Allied Ins. Co.,* N.D. Ga. Case No. 1-20-CV-2939-TWT (2020) (to define "direct physical loss or damage" to include the impact of government orders "would potentially make an insurer liable for the negative effects of operational changes resulting from any regulation or executive decree, such as a reduction in the space's maximum occupancy.") (Ex. O);

- *Gavriledes Management Co. LLC v. Michigan Insurance Com.*, Case No. 20-258-CB-C30 (Mich. Cir. Ct., 2020) ("[T]he plaintiff just can't avoid the requirement that there has to be something that physically alters the integrity of the property. There has to be some tangible, i.e. physical damage to property.") (Ex. P);

- *Diesel Barbershop LLC, v. State Farm Lloyds*, No. 5-20-CV-461 (W.D. Tex. 2020) ("direct physical loss" requires "a distinct, demonstrable, physical alteration to property") (Ex. Q).

- *Rose's 1, LLC v. Erie Ins. Exch.,* 2020 WL 4589206, at *3 (D.C. Super. Ct 2020) ("[U]nder a natural reading of the term 'direct physical loss,' … any 'loss of use' must be caused…by something pertaining to matter—in other words, a direct physical intrusion on to the insured property.") (Ex. R)

- *Richard Kirsch, DDS v. Aspen Am. Ins. Co.*, No. 20-cv-11930, 2020 WL 7338570 (E.D. Mich. Dec. 14, 2020) (policy requirement that a loss be physical "is widely held to exclude alleged losses that are intangible or incorporeal and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.") (Ex. S.).

- *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 1:20-cv-04471-LGS, Slip Op. at 5 (S.D.N.Y. Dec. 15, 2020) ("Nothing in the Complaint plausibly

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

1   supports an inference that COVID-19 and the resulting Civil Orders

2   physically damaged [the insured's] property, regardless of how the public

3   health response to the virus may have affected business conditions for [the

4   insured].  The Complaint does not state a claim for 'loss' of the insured

5   property.") (Ex. T.)[5]

6       These holdings are consistent with the holdings of numerous courts addressing

7   substantially identical arguments in other contexts. Where the cause of the

8   suspension of business is an external or extrinsic force, which merely prevents access

9   to the property, courts have routinely held there is no coverage because there has

10  been no direct physical loss to insured property. See, *e.g., Newman Meyers Kreines*

11  *Gross Harris, P.C. v. Great N. Ins. Co.*, 17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014)

12  (widespread power outages due to Superstorm Sandy that rendered office space

13  inaccessible). (Ex. V.) As the *Newman* Court noted:

14      The words "direct" and "physical" which modify the phrase "loss or damage"
        connote actual, demonstrable harm of some form to the premises itself, rather
15      than forced closure of the premises for reasons exogenous to the premises
        themselves, or the adverse business consequences that flow from such closure.
16

17  See also *United Airlines, Inc. v. Insurance Co. of State of Pa.*, 385 F. Supp. 2d 343,

18  349 (S.D.N.Y. 2005), *aff'd* 439 F.3d 128 (2d Cir. 2006) ("The inclusion of the

19  modifier "physical" before "damages" . . . supports [defendant's] position that

20

21  _____

    [5] On a motion for judgment on the pleadings under FRCP 12(c), the Court may
22  consider, in addition to the allegations of the Complaint, the existence of official
    decisions and orders of other courts, where the authenticity of the decisions and
23  orders is not subject to reasonable dispute.  *Reyn's Pasta Bella, LLC v. Visa USA,
    Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court
24  filings and other matters of public record"); *Lee v. City of Los Angeles*, 250 F.3d 668,
    689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record
25  without converting a motion to dismiss into a motion for summary judgment");
    *Ironshore Specialty Insurance Company v. Everest Insurance Company* (C.D. Cal.,
26  July 21, 2020, No. CV2001652ABGJSX) 2020 WL 4251371, at *4 ("the court may
    also take judicial notice of matters of public record outside the pleadings and
27  consider them in resolving a motion to dismiss").
28
_____
                                        16

physical damage is required before business interruption coverage is paid"); *Philadelphia Parking Auth. v. Federal Ins. Co.*, 385 F. Supp. 2d 280 (S.D.N.Y. 2005) (no coverage for losses at airport parking lot due to national grounding of planes related to 9/11 attacks since no direct physical loss or damage); *Roundabout Theatre Co. v Continental Cas. Co.*, 302 A.D.2d 1, 7 (N.Y. App. Div. 1 Dept. 2002) (no "direct physical loss or damage" as a result of the city-mandated closure that denied insured access to its property following the 9/11 attacks).

Similarly, courts have found no coverage for community-wide orders meant to prevent potential future harm or injury. See, *e.g., S. Tex. Med. Clinics v. CNA Fin. Corp.*, No. H-06-4041, 2008 WL 450012, at *10 (S.D. Tex. 2008) ("[b]ecause the mandatory evacuation order for Wharton County was issued due to the anticipated threat of damage to the county and not due to property damage that had occurred in Florida and the Gulf of Mexico, [the insured's] business [income] losses are not covered by [the] policy."); *Kelaher Connell & Conner, v. Auto-Owners Ins. Co.*, No. 4:19-cv-00693-SAL, 2020 WL 886120, at *8 (D.S.C. 2020) (same); *Bros. Inc. v. Liberty Mutual Fire Ins. Co.*, 268 A.2d 611, 613 (D.C. 1970) (business losses resulting from the imposition of a government curfew following the assassination of Martin Luther King, Jr. limiting operation of the premises not a "direct loss").

As these cases make clear, "when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property," there is no coverage under a provision requiring physical loss or damage. 10A Couch on Ins. § 148:46 (3d Ed. 2020). To hold otherwise would effectively treat the words "direct" and "physical" in the Insuring Agreement as meaningless surplusage, which the Court cannot do. *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 827 (1990).

Because Plaintiffs cannot show that direct physical loss or damage caused their losses, Plaintiffs cannot state a claim under either the Policy's Business

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

Interruption or Civil Authority coverages.[6]

## VI.   PLAINTIFFS' CLAIM FOR BREACH OF THE INSURANCE POLICY IS BARRED BY THE POLICY'S EXCLUSION FOR LOSS OF USE OR MARKET

The Policy excludes claims for "any loss or damage caused by or resulting from … delay, loss of use or loss of market. Because the loss Plaintiffs allege is for loss of use or loss of market, that loss is expressly excluded under the Policy.

---

[6] This problem with Plaintiffs' Civil Authority claim exemplifies the extent to which Plaintiffs' Complaint attempts to fit a square peg into a round hole.

Civil authority insurance provisions "contemplate[] a sequence of events where direct physical loss or damage to property occurs and then an order prohibiting access *because of that damage* issues." *Not Home Alone, Inc. v. Philadelphia Indem. Ins. Co.*, 2011 WL 13214381, at *6 (E.D. Tex. Mar. 30, 2011) (quotation omitted) ("[C]overage is provided only for civil authority action *in response to* direct physical *loss of or damage* to property, and courts uniformly interpret this as requiring that such loss or damage precede the action of a civil authority." *Id.* (emphasis added)). *See also Kelaher, Connell & Conner v. Auto-Owners Ins. Co.*, 2020 WL 886120, at *8 (D.S.C. Feb. 24, 2020) (no civil authority coverage because there was no damage to "any property *before* the Governor issued the evacuation order"); *S. Tex. Med. Clinics v. CNA Fin. Corp.*, 2008 WL 450012, at *10 (S.D. Tex. Feb. 15, 2008) (no coverage "[b]ecause the mandatory evacuation order . . . was issued due to the anticipated threat of damage . . . and not due to property damage that had occurred"). Thus, the civil authority order must have been issued *in response to* property loss or damage—that is, after, not before, the loss or damage occurred.

Consistent with these cases, federal courts have dismissed COVID-19 claims for civil authority coverage because of the absence of any evidence of property loss or damage prior to the government's closure order. For example, in *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, *supra*, 2020 WL 5525171, the Northern District of California concluded as a matter of law that an insured was not entitled to Civil Authority coverage because the government closure orders "were intended to prevent the spread of COVID-19." *Id.* at *7. Thus, the court reasoned, "[b]ecause the orders were preventative," the insured had failed to "establish the requisite causal link between prior property damage and the government's closure order." *Id.* Similarly, the Central District of California in *10E, supra,* 2020 WL 5359653, dismissed a claim for civil authority coverage because the insureds had failed to "describe particular property damage or articulate any facts connecting the alleged property damage to [the civil authority order's] restrictions." *Id.* at *6.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

18

The Loss of Use exclusion was discussed by the Northern District of California in *Mudpie Inc. v. Travelers Casualty Insurance Company*, *supra*, Northern District of California Case No. 4:20-cv-03213-JST. There, the Court found that the Loss of Use exclusion both aided in the interpretation of the phrase "physical loss or damage" as requiring physical force, and formed a separate and independent basis for rejecting the Plaintiff's claims for loss of business income and extra expense:

> The Court's conclusion is further supported by the policy's provision which states that Travelers "will not pay for loss or damage caused by or resulting from . . . loss of use or loss of market." ECF No. 11-2 at 94. The separate provision for loss of use suggests that the "direct physical loss of . . . property" clause was not intended to encompass a loss where the property was rendered unusable without an intervening physical force. The provision also undermines Mudpie's claim that "a reasonable purchaser of insurance would read the policy as providing coverage for a loss of functionality."8 See ECF No. 19 at 14. Thus, because Mudpie fails to allege any intervening physical force beyond the government closure orders, the Court finds that Mudpie is not entitled to Business Income or Extra Expense coverage under the terms of its policy. Id. at 10-11.

*Accord, Harvest Moon Distributors, LLC v. S-Owners Insurance Company*, No. 6 20-cv-01026 –Orl-40DCI (M.D. Fla. October 9, 2020) ("Moreover, the Complaint itself states that Plaintiff experienced "loss of use" of its product, which the Policy expressly excludes from coverage. Even construing the coverage terms as broadly as possible and the exclusionary terms as narrowly as possible, the Complaint fails to overcome the Policy's exclusionary language.")

There is no coverage for Plaintiffs' claims, and they are barred, since Plaintiffs' claims are based on Plaintiffs' loss of use of their gyms or from loss of market.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE NO.  2:20-CV-09541-GHW

## VII. PLAINTIFFS' CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED BECAUSE PLAINTIFFS CANNOT ESTABLISH ENTITLEMENT TO INSURANCE BENEFITS UNDER THE POLICY

Plaintiffs, having failed to allege facts showing that they are entitled to benefits under the Policy, cannot state a claim for breach of contract. See *1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co*., 135 Cal. App. 4th 1008, 1020-21 (2006) (failure of a policy's conditions precedent is a complete defense to a breach of contract claim.)

Under California law, there can be no breach of the covenant of good faith and fair dealing where the insured fails to prove that the insurer breached the insurance policy by denying the insured benefits under the policy, and that the denial was unreasonable. *Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App. 4th 966, 973 (2003); *Chateau Chamberay Homeowners Ass'n v. Associated Intl Ins. Co*., 90 Cal.App.4th 335, 346 (2001). The plain language of the policy establishes that Plaintiffs' alleged loss is not covered. Thus, Defendant is entitled to judgment on Plaintiffs' claim for breach of the covenant of good faith and fair dealing. *Id.*

## VIII. CONCLUSION

For each of the reasons set forth above, the Court should enter judgment for Defendant without leave to amend on each of Plaintiffs' claims for relief.

Dated:  December 21, 2020          MOUND COTTON WOLLAN & GREENGRASS LLP


By:  /s/Lawrence Hecimovich
     Jonathan Gross
     Lawrence Hecimovich
     Attorneys for Defendant
     VANTAPRO SPECIALTY
     INSURANCE COMPANY

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381